■ In the Matter of CARMEN RAMIREZ-COHEN, Appellant, v ROBERT CHURCH, Respondent. [726 NYS2d 859] —In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Rockland County (Warren, J.), entered February 18, 2000, which denied her petition, *inter alia*, in effect, for primary residential custody of the parties' child.

Ordered that the order is affirmed, without costs or disbursements.

The appellant contends, *inter alia*, that the Family Court erred in denying her petition, among other things, for primary residential custody of the parties' child based upon the respondent father's relocation to New Jersey. We disagree. In *Matter of Tropea v Tropea* (87 NY2d 727), the Court of Appeals held that "each relocation request must be considered on its own merits with due consideration of all the relevant facts and circumstances and with predominant emphasis being placed on what outcome is most likely to serve the best interests of the child" (*Matter of Tropea v Tropea, supra*, at 739). The court set forth the following list of nonexclusive factors which it considered relevant to the ultimate determination (*see, Matter of Tropea v Tropea, supra*, at 740-741): "[E]ach parent's reasons for seeking or opposing the move, the quality of the relationships between the child and the custodial and noncustodial parents, the impact of the move on the quantity and quality of the child's future contact with the noncustodial parent, the degree to which the custodial parent's and the child's life may be enhanced economically, emotionally and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and child through suitable visitation arrangements."

After weighing the appropriate factors set forth in *Matter of Tropea v Tropea* (*supra*), the Family Court properly found that it was in the child's best interests to deny the appellant's petition, *inter alia*, to award her primary residential custody of the parties' child.

The appellant's remaining contentions are without merit. Ritter, J. P., Florio, H. Miller and Crane, JJ., concur.